

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

THE UNIVERSITY
OF TEXAS

JUN 11 1970

June 8, 1970

LAW LIBRARY

Mr. Frank M. Jackson
Executive Secretary
Teacher Retirement System
  of Texas
Lowich Building
Austin, Texas 78701

Opinion No. M-647

Re: Several questions relative
to rights and status of
"faculty member" and former
"faculty member" under
the Optional Retirement
Program (Art. 2922-li,
V.C.S.) and the Teacher
Retirement Law.

Dear Mr. Jackson:

In your letter requesting an opinion on the above
captioned questions, you set out the following quoted information
and questions.

"During the Regular Session of the 60th Texas
Legislature, 1967, S.B. 292, providing an
Optional Retirement Program for college and university
faculty members, was enacted. Section 2(d) of S.B.
292 defines the term 'faculty member.' As a result
of this legislation, many faculty members in the
institutions of higher education in Texas elected
to participate in the Optional Retirement Program
in lieu of Teacher Retirement. Recently several
persons who had previously elected the Optional
Retirement Program have changed to employment in a
new position still in an institution of higher
education but which can no longer be considered as
a 'faculty member.' As a result of these changes of
positions, we present the following questions for
your consideration:

"1. Is a person who was employed in a state-
supported institution of higher education as a
faculty member in Texas and elected to become a
member of the Optional Retirement Program under
the provisions of Chapter 729 (S.B. 292), 60th
Texas Legislature, Regular Session, 1967 (2922-li, V.C.S.),

-3002

and who is later employed in a state-supported institution of higher education in a position classified as other than 'faculty member,' again required to become a member of the Teacher Retirement System as provided under Section 1.03 of the Teacher Retirement Law?

"2. If your answer to question No. 1 is in the affirmative, would said person, after five years of re-employment in the new position, be eligible to reinstate any account previously withdrawn from the Teacher Retirement System under the provisions of Section 2.05 of the Teacher Retirement Law?

"3. If your answer to question No. 1 is in the affirmative, is said person eligible to receive credit with the Teacher Retirement System for any service during which time he was a member of the Optional Retirement Program?

"4. If your answer to question No. 1 is in the negative, is said person still eligible to participate in the Optional Retirement Program even though he is no longer eligible to be considered as a 'faculty member' as defined in Chapter 729 (S.B. 292), 60th Texas Legislature, Regular Session, 1967?"

The Teacher Retirement System of Texas is governed by the following provision of the Education Code:

Article 2922-1.02, Vernon's Civil Statutes, reads, in part as follows:

"(a) In this Act, unless the context requires a different definition:

"(1) 'Retirement System' means the Teacher Retirement System of Texas as defined in Section 1.01 of this Act;

"(2) 'public school' means any educational institution or organization in this state which under the laws of Texas is entitled to be supported wholly or partly by state, county, school district, or other municipal corporation funds;

"(3) 'teacher' means any person employed to render teaching service on a full-time, regular salary basis

..., by the board of regents of any college or university, or by any other legally constituted board or agency of any public school;

"(4) 'teaching service' means service rendered in organized public education in this state in professional or business administration, or in supervision or instruction;

"(5) 'auxiliary employee' means a person other than a 'teacher' employed on a full-time, regular salary basis by the boards or agencies listed in Subsection (a) (3) of this section;

"...

"(8) 'member' means any teacher or auxiliary employee included in the membership of the Retirement System in accordance with this Act;

"(10) 'service' means service as a teacher or auxiliary employee in the public schools of this state, or in one of the other department, institutions, or agencies of the public school system of Texas,

"..." (Emphasis added.)

Article 2922-1.03, Vernon's Civil Statutes, reads as follows:

"(a) All persons who on the effective date of this act were members of the Teacher Retirement System of Texas shall continue as members subject to the provisions of this Act except as provided in Chapter 729 (S.B. 292), 60th Texas Legislature, Regular Session, 1967.

"(b) Every person who may be employed as a teacher or auxiliary employee in any public school or other branch or unit of the public school system of this state shall become a member of the Retirement System as a condition of his employment. This subsection shall not apply to require membership of any person who

"(1) has heretofore, pursuant to authority of former laws, executed and filed a waiver of membership in the Retirement System; however, any such person may elect to become a member at the beginning of any school year, but shall not be entitled to credit for prior service unless payments for the waived service are made as provided in Section 2.05 of this Act; or

"(2) was or may be for the first time employed as a teacher or auxiliary employee, and who at such time was or may be more than 60 years of age; however, such person may elect to become a member of the Retirement System as of the effective date of employment by notifying his employer and the State Board of Trustees within 90 days from the effective date of employment; or

"(3) elects to participate in the retirement program provided by Chapter 729 (S.B. 292), 60th Texas Legislature, Regular Session, 1967, Article 2922-1i)" (Emphasis added.)

Article 2922-1.04, Vernon's Civil Statutes, reads, in part as follows:

"(a) ....

"....

"(d) If the membership of any member shall terminate, except by death or retirement, all his creditable service theretofore allowed or earned shall be forfeited.

"(e) Should a person whose membership has terminated again become a member, he shall enter the Retirement System upon the same terms as a person entering service for the first time on that date and shall not be entitled to credit for prior service or other terminated service, unless it is reinstated upon the terms and conditions set out in Section 2.05 of this Act." (Emphasis added.)

Article 2922-2.05, Vernon's Civil Statutes, reads as follows:

"(a) Any teacher or auxiliary employee who has executed a waiver of membership in the Retirement System shall have the privilege of electing to receive

full membership service credit, provided such teacher or auxiliary employee after becoming a member of the Retirement System shall deposit all back deposits, assessments and dues which he would have paid or deposited had he been a member of the Retirement System during each of the years he actually taught or was employed as an auxiliary employee in the public schools following the date on which he first became eligible for membership in the Retirement System, together with interest from the date each amount was payable at the rate of five percent per annum. One-half of the interest shall be credited to the state contribution account.

"(b) Any person who terminates or has terminated membership in the Retirement System by withdrawal of deposits or by absence from service shall have the privilege of reinstating such terminated membership by rendering service for five subsequent consecutive creditable years and depositing the amount withdrawn plus membership fees for the years during which membership was terminated plus a reinstatement fee of two and one-half percent per annum from the date of withdrawal to date of redeposit. The reinstatement fee shall be credited to the state contribution account.

"(c) The amounts to be deposited shall be determined in each case by the State Board of Trustees and no person shall be granted retirement upon such service credits until the amount so determined is paid in full."

Under the provisions of Article 2922-1.03(b) every person who is employed as a teacher or auxiliary employee, as defined in Article 2922-1.02 of any institution of higher education is required to be member of the "Teacher Retirement System of Texas" unless they are exempt under the exemptions set out in subsection (1), (2), or (3) of Article 2922-1.03 (b). Subsection (3) of Article 2922-1.03(b) states that membership in the Teacher Retirement Program is not required of those who elect to participate in the Optional Retirement Program provided by Senate Bill 292, Chapter 729, 60th Texas Legislature, 1967 and codified as Article 2922-1i which reads, in part, as follows:

"....

"Sec. 2. As used in this act, unless the context otherwise requires:

"...

"(b) 'Retirement System' means the Teacher Retirement System of Texas as defined under the provisions of Chapter 470, Acts, Regular Session, 45th Legislature (1937), as amended.

"...

"(d) 'Faculty member' means a person employed by an institution of higher education on a full time basis as a member of the faculty or staff and whose duties include teaching, research, administration, including professional librarians, or the performance of professional services but does not mean a person employed in a position which is in the institution's classified personnel system or a person employed in a similar type of position if the institution does not have a classified personnel system.

"...

"(f) 'Optional Retirement Program' means the optional retirement program created by this Act to provide fixed or variable retirement annuities, including retirement unit annuity certificates of participation for faculty members.

"Sec. 3.

"(a) There is hereby established an Optional Retirement Program. Participation in the Optional Retirement Program is in lieu of active membership in the Retirement System. The Governing Boards for all institutions of higher education shall make available to all faculty members in their component institutions, agencies and units the Optional Retirement Program which shall provide for the vesting of benefits after one year of participation.

"(b) All faculty members are eligible to participate in the Optional Retirement Program, subject to such rules as may be prescribed by the Governing Board of the institution of higher education at which they are employed.

"Sec. 4. ....

"Sec. 5.  A faculty member (including one so
employed on the effective date of this Act) who be-
comes eligible to participate in the Optional Re-
tirement Program and who is a member of the Retire-
ment System is hereby extended the option of con-
tinuing his membership in the Retirement System
or participating in the Optional Retirement Program
. . . A faculty member exercising the option to
participate in the Optional Retirement Program as
aforesaid shall not thereafter be eligible for
membership in the Retirement System except as a
limited member pursuant to Section 7 hereof
unless such member ceases to be employed by an
institution of higher education and becomes employed
by the Texas Public School System other than in an
institution of higher education.  A faculty member
not exercising the option to participate in the
Optional Retirement Program as aforesaid shall be
deemed to have chosen to continue membership in the
Retirement System in lieu of exercising such option
to participate in the Optional Retirement Program.

"Sec. 6.  A faculty member who elects or who has
elected to participate in the Optional Retirement
Program as provided under Section 5 may further elect
to withdraw from the Retirement System his accumulated
contributions as defined in Section 1, Chapter 470,
Acts of the 45th Legislature, Regular Session, 1937,
as amended (Article 2922-1, Vernon's Texas Civil
Statutes), upon application in writing as prescribed
by the State Board of Trustees and the applicable
amounts shall be paid within twelve (12) months from
date such application is received.  Upon such with-
drawal of funds, the faculty member shall thereby
forfeit and relinquish all accrued rights as a
member of the Retirement System."  (Emphasis added.)

In construing any statute, the first rule to be observed
is that if the words of the statute are plain and definite, it must
be interpreted in accordance with the maxim, "The Law is Thus

Written," meaning that a literal interpretation must be given to the words of the statute, unless to do so will lead away from the intent and purpose of the Act as a whole and produce an absurd result.

Another rule of equal importance is that a statute must be interpreted so as to make operative in a practical way the purpose of the Legislature, and so as to secure to the class or classes of persons in whose behalf the statute was enacted the benefits intended to be conferred. Also when statutes are in pari materia and relating to the same subject, they are to be taken together and so construed, in reference to each other so that if practicable, effect may be given to all provisions of the statutes being construed. State v. Dyer, 145 Tex. 586, 200 S.W.2d 813, (1947).

The legislature has clearly shown by its enactment of Articles 2922-1.01, 1.02, 1.03, 1.04, 2.05 and 2922-1i that it intends for every person employed as a teacher or as a full time auxiliary employee at an institution of higher education to become a member of the Retirement System as a condition of employment.

The plain and unambiguous language of Section 3 of Article 2922-1i declares that participation in the Optional Retirement Program is in lieu of active membership in the Retirement System and is limited to "faculty members" only as defined in Section 2(d) of the same statute. Attorney General Opinion M-315 (1968). The legislature has clearly defined a "faculty member" and clearly restricted the Optional Retirement Program to faculty members by specific reference throughout the body of the bill and as set out in the above quoted sections of the statute.

The legislature has thus created a special retirement program for a specially designated group of employees at institutions of higher education who are designated by name and definition as "faculty members" and the provisions of said law can only apply to members of that special group. Therefore, the restrictions of Section 5 and 6 on rejoining the Teacher Retirement System would appl only to those employees of institutions of higher education who are classified as a "faculty member". An employee of an institution of higher education who has been classified as a "faculty member" but has changed to another employment which would no longer meet the definition of "faculty member" as set out in Article 2922-1i would therefore no longer be eligible to participate in the optional Retirement Program, and would be required to rejoin the Teacher Retirement System under the requirement of Article 2922-1.03 because they are no longer under the exemptions set out in Article 2922-1.03b. However said former faculty member would have to meet the requirements of Section 48a of Article III of the Texas Constituti in order to receive benefits from the Teacher Retirement System.

In Attorney General Opinion M-196 (1968) we held that the provisions of Section 7 of Article 2922-1i were unconstitutional for the following reasons:

"Since Article 2922-1i does not provide or contemplate that a recipient of the Teacher Retirement System fund who elects to participate in the Optional Retirement Program will release to the State the moneys contributed by the State to the Optional Retirement Program to his credit, it follows that so long as a faculty member is a recipient of the Teacher Retirement System Fund, he is not eligible to receive any benefits from the Optional Retirement Program. He may easily cease to be a recipient of the Teacher Retirement System fund by withdrawing from the Teacher Retirement System and withdrawing from the fund all contributions he has made thereto. See Section 48a of Article III of the Texas Constitution; Section 6 of Article 2922-1i. Of course, upon the withdrawal of such contributions from the fund, the faculty member will thereby forfeit and relinquish all accrued rights as a member of the Teacher Retirement System.

"Since Section 7 of Article 2922-1i attempts to permit the recipients of the Teacher Retirement Fund to be eligible for another State pension without 'such other state pension retirement fund, contributed by the State to the credit of the recipient, being released to the State of Texas,' said section 7 violates the above quoted provisions of Section 18a of Article I of the Texas Constitution and is, therefore, unconstitutional and void because necessarily antagonistic to the clear constitutional provision. 12 Tex.Jur.2d 374, Constitutional Law, Sec. 30." (Emphasis added.)

For the same reasons as set out above, we hold that the former faculty member would be required to cash in his optional Retirement Program and withdraw his benefits under the Optional Retirement Program; otherwise he would not be eligible for benefits under the Teacher Retirement Program, unless he released his benefits of the Optional Retirement Program to the State of Texas as a condition for receiving benefits from the Teacher Retirement System as required by Section 48a of Article III of the Texas Constitution.

The provision of Article 2922-1.04(e), and Article 2922-2.05 would control his rejoining the Teacher Retirement System. Your first two questions are answered in the affirmative, subject to meeting the requirements of Section 48a, Article III of the Texas Constitution.

Your third question is answered in the negative for the reason as set out in Attorney General's Opinion M-196 that the Legislature has provided for two separate and alternate retirement programs and by the provisions of Sections 5 and 6 of Article 2922-1i and the restriction of Section 48a of Article III of the Texas Constitution that there can be no credit allowed in the Teacher Retirement System for that period of participation in the Optional Retirement Program. Furthermore, we find nothing in the statutes involved which would allow a person employed in a state-supported institution of higher education as a faculty member to receive credit with the Teacher Retirement System for service while a member of the Optional Retirement Program.

The conclusions we have reached above in answering your first three questions make it unnecessary to answer your fourth question.

## S U M M A R Y

Article 2922-1.03, V.C.S., requires all persons employed as teachers or auxiliary employees of an institution of higher education to be members of Teacher Retirement System of Texas unless they are members of Optional Retirement Program.

Article 2922-1i, V.C.S., provides an Optional Retirement Program for "faculty members" only as defined in said statute.

Former "faculty members" who no longer meet definition of "faculty member" are required to rejoin Teacher Retirement System as provided for under Article 2922-1.03, 2922-1.04 and 2922-2.05 V.C.S. but said former faculty members are not eligible to receive credit with the Teacher Retirement System of Texas for any service during which time they were members of the Optional Retirement Program.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. O. Shultz
Houghton Brownlee
Arthur Sandlin
Tom Sedberry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant